PEOPLE v OLIVER

Docket No. 66516. Argued April 5, 1983 (Calendar No. 7).—Decided
September 19, 1983. Rehearing denied 418 Mich 1201.

Gregory K. Oliver was convicted in the Wayne Circuit Court,
Harold Hood, J., of breaking and entering an occupied dwelling
with intent to commit robbery. Before trial, the defendant's
motion to suppress all evidence seized incident to his arrest
without a warrant was denied. The Court of Appeals, N. J.
Kaufman, P.J., and Cynar and Townsend, JJ., affirmed in an
unpublished opinion per curiam (Docket No. 78-4182). The
defendant appeals.

In an opinion by Chief Justice Williams, joined by Justices
Kavanagh and Cavanagh, and by Justice Levin except as to a
decision whether there was probable cause, the Supreme Court
held:

The arrest of the defendant in a motel room without a
warrant was not justified under the Michigan Constitution
where no exigent circumstances existed at the time of the
arrest; evidence seized incident to the arrest should have been
suppressed.

1. Sufficient facts were available to the arresting officers at
the time of the arrest to allow them reasonably to conclude
that the defendant had committed a felony. The victim de-
scribed the breaking and entering, the robber, the money
stolen, and the direction in which the robber fled. The police
were able to follow footprints from the victim's home to the
motel in which the defendant was later arrested. In addition, a
storeowner reported that persons had purchased merchandise
with two-dollar bills and a large number of coins similar to
those reported stolen, and supplied the officers with the license
number of the car in which the suspects left. The car was later

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest §§ 24, 32, 44.
[1, 4, 5] 68 Am Jur 2d, Searches and Seizures § 44.
[2, 3] 5 Am Jur 2d, Arrest § 44 et seq.
[6] 5 Am Jur 2d, Appeal and Error § 803.
    29 Am Jur 2d, Evidence § 416.
[7] 68 Am Jur 2d, Searches and Seizures §§ 18, 95.

stopped by officers, and the driver corroborated the purchase by a passenger and directed the officers to the defendant's motel room. Under the Michigan Constitution, the officers had probable cause to arrest the defendant.

2. Probable cause alone does not justify an arrest without a warrant. Under the Constitution of the United States, a person has a reasonable expectation of privacy in his home so as to require police officers, absent exigent circumstances, to have an arrest warrant before arresting him in the home. Federal cases have not held that a motel room is so different from a home that a person lacks a protected privacy interest in the room and, generally, have accorded protection under the Fourth Amendment to hotel rooms. Under the Michigan Constitution this requirement applies equally to a motel room occupied by a suspect.

3. A motel room itself, merely because the occupant may leave it at any time, does not create an exigent circumstance under the Michigan Constitution. Occupancy of a motel room by a suspect does not present a real danger to police officers seeking to arrest him or to the public or a real danger that the suspect might escape.

Reversed and remanded.

Justice Boyle, joined by Justice Ryan, dissenting, agreed that the Constitutions of Michigan and of the United States may protect a person's reasonable expectation of privacy in a rented room. However, while a motel room itself does not create an exigent circumstance which would justify a search without a warrant, the temporary nature of the residence is a factor to be considered in determining whether the requirement of a warrant is excused by exigency. In this case, even if the trial court erred in denying the defendant's motion to suppress the evidence seized, the error was harmless beyond a reasonable doubt because the defendant admitted during trial that he committed the offense with which he was charged.

Justice Brickley, dissenting, would hold that an arrest may be made in a motel room without a warrant on the basis of probable cause. He would recognize a core Fourth Amendment protection based on an interest in privacy unique to the sanctity of the home as articulated in the constitution, but would not read the constitution to establish a rule per se requiring a warrant once the focus of an inquiry regarding an arrest moves out of the home. Rather, where an arrest is made outside the home, attention should be directed to the reasonableness of a person's interest in privacy and the balancing of that interest against the interest of the state in ensuring that motel rooms

do not become havens for the planning of and escape from criminal activity.

OPINION OF THE COURT

1. ARREST — SEARCHES AND SEIZURES — WITHOUT A WARRANT — PROBABLE CAUSE.

The arrest of the defendant in a motel room without a warrant, but with probable cause to believe that he had committed a felony, was not justified under the Michigan Constitution where no exigent circumstances existed at the time of the arrest, and evidence seized incident to the arrest should have been suppressed.

2. ARREST — PROBABLE CAUSE.

A police officer has probable cause to make an arrest where he believes that a person has committed a felony on the basis of facts present at the moment of the arrest which would lead a reasonable person to believe that the suspected person has committed a felony and the facts were supplied by persons who were reliable and were based on something more than casual rumor (Const 1963, art 1, § 11).

3. ARREST — WITHOUT A WARRANT — CONSTITUTIONAL LAW — PROBABLE CAUSE — EXIGENT CIRCUMSTANCES — MOTEL ROOMS.

Probable cause alone does not justify an arrest without a warrant; under the Constitution of the United States, a person has a reasonable expectation of privacy in his home so as to require police officers, absent exigent circumstances, to have an arrest warrant before effecting his arrest in the home, and under the Michigan Constitution this requirement applies equally to a motel room occupied by a suspect.

4. ARREST — WITHOUT A WARRANT — CONSTITUTIONAL LAW — EXIGENT CIRCUMSTANCES — MOTEL ROOMS.

A motel room itself is not an exigent circumstance under the Michigan Constitution so as to justify the arrest without a warrant of a suspect occupying the room (Const 1963, art 1, § 11).

5. ARREST — WITHOUT A WARRANT — EXIGENT CIRCUMSTANCES.

The existence of exigent circumstances which will justify an arrest without a warrant must be determined in each case on the basis of its own facts; the factors to be weighed include: whether a serious offense is involved, particularly a crime of violence, whether there was reason to believe that the suspect was armed, whether there was a clear showing of probable cause, whether there was strong reason to believe that the suspect was in the premises entered, whether there was a

likelihood of escape without swift apprehension, whether entry was forcible or peaceful, whether entry was necessary to prevent destruction of evidence or to ensure the safety of police officers or the public, whether a warrant could have been secured, and whether entry was made at night.

DISSENTING OPINION BY BOYLE, J.

6. ARREST — SEARCHES AND SEIZURES — WITHOUT A WARRANT — SUPPRESSION OF EVIDENCE — HARMLESS ERROR.

*Failure to suppress evidence seized following the arrest of a defendant without a warrant in a rented motel room, even if error, was harmless beyond a reasonable doubt where the defendant admitted during trial that he had committed the offense with which he was charged.*

DISSENTING OPINION BY BRICKLEY, J.

7. ARREST — WITHOUT A WARRANT — CONSTITUTIONAL LAW — PROBABLE CAUSE — MOTEL ROOMS.

*The constitution protects a person from arrest without a warrant in the sanctity of the home, but does not require a warrant per se for an arrest outside the home in a motel room; rather, the determination whether an arrest outside the home requires a warrant must involve an examination of the reasonableness of a person's interest in privacy balanced against the interest of the state in insuring that motel rooms do not become havens for the planning of and escape from criminal activity (US Const, Am IV; Const 1963, art 1, § 11).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *John Nussbaumer)* for the defendant.

WILLIAMS, C.J. In the present case, we must address three interrelated issues. First, we must decide whether certain Wayne County Sheriff's deputies had probable cause under the Michigan Constitution to effect an arrest of defendant in his

motel room without a warrant. Second, we must determine whether the federal constitutional requirement—that an arrest of a defendant in his home must be made with an arrest warrant absent exigent circumstances—extends to a motel room under the Michigan Constitution.[1] Third, under the Michigan Constitution, we must consider whether there were exigent circumstances which justified the warrantless arrest of defendant in his motel room.

Before trial, the defendant moved to suppress all evidence seized, claiming that it was the fruit of the defendant's arrest in his motel room without a warrant. The trial court denied the motion, stating that there was probable cause for the arrest and also exigent circumstances which justified the warrantless arrest. The Court of Appeals affirmed in an unpublished per curiam opinion.

We hold that there was probable cause to justify an arrest of the defendant. The complete record reveals that there were sufficient facts to conclude that the defendant had committed a felony.

Furthermore, we hold under the Michigan Constitution that the federal constitutional requirement—that an arrest of a defendant in his home must be made with an arrest warrant absent exigent circumstances—is equally applicable to a motel room occupied by the defendant.

Finally, we hold that a motel room itself does not create an exigent circumstance under the Michigan Constitution. Moreover, after balancing several factors, we find that there were no exigent circumstances which justified defendant's arrest in his motel room without a warrant.

---

[1] The United States Supreme Court established this requirement in *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980), which it applied to the states through the Due Process Clause of the Fourteenth Amendment. See *Mapp v Ohio,* 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961).

FACTS

On March 1, 1978, the Wayne County Sheriff's Department received a telephone call from a Canton Township resident, Mary Mallard. She reported that she had been robbed in her house at approximately 5 p.m. on that day. When the officers arrived, she told them that she had been drying her hair in the basement when she heard glass breaking. When she went upstairs to investigate, she saw the defendant standing in her dining room, with a pair of her scissors in his hand. He threatened to kill her if she did not give him some money. He then reached over to the complainant's counter and removed five two-dollar bills and a Vienna sausage can which contained numerous coins. She stated that the defendant then ran out of her home in the direction of the Willow Acres Motel, which was across a highway. The officers traced a set of footprints from complainant's home to the southeast corner of the motel.

The officers then proceeded to local businesses to ask the proprietors of these establishments to watch for a slightly built young white man who was wearing a blue coat with a fleece lined collar who might be spending exceptional amounts of two-dollar bills or change. At about 7 p.m. that evening, the owner of a store alerted the sheriff's department after two men and a young woman had paid for merchandise with two-dollar bills. About 7:30 p.m., he reported the license plate numbers of a car that they were seen leaving in when one of them returned a second time.

About 9:30 p.m. that evening, the noted car was stopped by the sheriff's department. The driver informed the officers that he had picked up the defendant and his girlfriend earlier in the evening.

He stated that they had stopped at a local party store, and that the defendant had attempted to pay for some merchandise with two-dollar bills and then with change. In addition, he stated that the defendant and his girlfriend were in room 10 of the Willow Acres Motel.

About 10 p.m. that same night, five officers of the sheriff's department approached and knocked on the door of room 10. A voice asked who was at the door. When the officers identified themselves, a scuffling noise was heard, and defendant opened the door. He stepped back and asked the officers if they had a warrant. The officers entered the room, arrested the defendant, seized a blue jacket, a lady's purse, and a Vienna sausage can which were located on a table in the room.

Before trial, the defendant moved to suppress the items seized from the motel room, alleging that they were fruits of an illegal arrest. The trial judge, who had read the preliminary examination transcript, denied the defendant's motion without an evidentiary hearing.

Thereafter, the defendant waived his right to a jury trial and presented a defense in which he claimed that he was so intoxicated at the time of the crimes that he lacked the specific intent to commit the crimes charged. Nevertheless, the defendant was convicted after a bench trial of breaking and entering an occupied dwelling with intent to commit robbery, MCL 750.110; MSA 28.305 and of felonious assault, MCL 750.82; MSA 28.277. He was sentenced to serve 4 to 15 years in prison for the breaking and entering conviction and 2 to 4 years for the felonious assault conviction.

The Court of Appeals affirmed in an unpublished per curiam opinion.

We granted leave to appeal on November 4,

1981, following the defendant's delayed application *in propria persona.* 412 Mich 854.

## I. Whether There Was Probable Cause

In the instant case, the defendant initially contends that the trial court erred in not suppressing the evidence arising from defendant's warrantless arrest made in his motel room because the intrusion and arrest were effected without probable cause under the Michigan Constitution.[2] The defendant states that the basis of the prosecutor's assertion that the police had probable cause was information provided by an individual who was a suspect in the felonies committed by the defendant. While the defendant admits that independent corroboration of otherwise "insufficiently trustworthy information" can provide police with probable cause, he believes that "the quantum of corroboration required should be especially great where, as here, the source of the information is * * * a suspected perpetrator of the crime." We believe, however, that the legal standards traditionally employed by appellate courts indicate that the information acted upon by the police met the requirements under the Michigan Constitution.

[2] Const 1963, art 1, § 11 provides that:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation. The provisions of this section shall not be construed to bar from evidence in any criminal proceeding any narcotic drug, firearm, bomb, explosive or any other dangerous weapon, seized by a peace officer outside the curtilage of any dwelling house in this state." US Const, Am IV states that:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The first rule in determining whether an officer had probable cause to make an arrest is whether there are any facts which would lead a reasonable person to believe that the suspected person has committed a felony. *E.g., People v Ward,* 226 Mich 45; 196 NW 971 (1924). Secondly, a police officer's belief that a defendant has committed a felony must be based on facts which are present at the moment of the arrest. *E.g., People v Stewart,* 232 Mich 670; 206 NW 337 (1925).[3]

Thus, this Court laid down the following standard to be employed by Michigan appellate courts when applying these two rules:

"Therefore, in reviewing a claim that a police officer lacked probable cause to arrest, the reviewing court must determine whether facts available to the officer at the moment of arrest would justify a fair-minded person of average intelligence in believing that the suspected person had committed a felony. Each case must be analyzed in light of the particular facts confronting the arresting officer. *People v Harper,* 365 Mich 494; 113 NW2d 808 (1962)."[4]

In undertaking this factual review, it is important to note that information indicating probable cause for an arrest must be comprised of sufficient facts to permit an independent determination that the person supplying the information is reliable and that the information is based on something more substantial than casual rumor. *United States v Haynie,* 637 F2d 227, 232-233 (CA 4, 1980).

---

[3] See, generally, *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969); *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964).

[4] *People v Summers,* 407 Mich 432, 442; 286 NW2d 226 (1979), *rev'd on other grounds sub nom Michigan v Summers,* 452 US 692; 101 S Ct 2587; 69 L Ed 2d 340 (1981).

In deciding that the officers had probable cause to arrest, the Court of Appeals wrote the following:

"On appeal, defendant claims that the trial court erred in denying his motion to suppress. However, review of the record convinces us that the arresting officers were provided with sufficient probable cause to effect defendant's warrantless arrest. The testimony of the arresting officers indicated that they had received trustworthy information concerning Mrs. Mallard's description of the incident and of defendant; that officers Cornish and Chopps traced a set of footprints from complainant's home to the Willow Acres Motel; that the proprietor of a nearby market reported three persons buying merchandise with exceptional amounts of coins and two-dollar bills; and that the driver of the automobile with the license plate number reported by Mr. Jankowski, the storekeeper, told officers that the person who was spending the two-dollar bills and coins was at room 10 of the Willow Acres Motel. This information was sufficient to warrant a prudent person in believing that defendant had committed a felony. MCL 764.15; MSA 28.874; *People v Flores,* 92 Mich App 130; 284 NW2d 510 (1979); *People v Langston,* 57 Mich App 666, 671-673; 226 NW2d 686 (1975)."

Thus, we hold that the officers had probable cause to arrest the defendant under article 1, § 11 of the Michigan Constitution.[5]

## II. THE REQUIREMENT OF AN ARREST WARRANT

While we have found that the police in the instant case had probable cause to arrest the defendant, this conclusion alone does not make the defendant's arrest constitutionally proper. The question becomes, under the Michigan Constitution, whether the defendant had a reasonable

[5] Justice LEVIN does not join in Part I because the Court's disposition does not require a decision on whether there was probable cause.

expectation of privacy in his motel room which required the officers to have an arrest warrant, absent exigent circumstances, before arresting the defendant in his room. See *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980); *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967).[6]

Recently, the United States Supreme Court has established the rules pertaining to the requirement of an arrest warrant. First, if probable cause exists, the police are not required to obtain a warrant before apprehending a suspected felon in a public place. *United States v Watson,* 423 US 411, 423-424; 96 S Ct 820; 46 L Ed 2d 598 (1976). Second, before entering a suspect's residence to effect his arrest, the police must possess an arrest warrant absent exigent circumstances. *Payton, supra,* pp 602-603. Third, an arrest warrant alone is not sufficient authority for entry into the home of a third party to arrest the subject of an arrest warrant. *Steagald v United States,* 451 US 204; 101 S Ct 1642; 68 L Ed 2d 38 (1981).

With these rules in mind, we must focus on whether the *Payton* constitutional requirement—that police have an arrest warrant before effecting the arrest of a defendant in his home—should be extended to a motel room under the Michigan Constitution.[7] No United States Supreme Court decision has held that a motel room is so different from a home, on a constitutional basis, that a defendant lacks a protected privacy interest in a rented room.[8]

---

[6] See, generally, 2 LaFave, Search and Seizure, § 6.1.

[7] Recently, the United States Supreme Court has held that *Payton* is to be given retroactive application to all cases pending on appeal. *United States v Johnson,* 457 US 537; 102 S Ct 2579; 73 L Ed 2d 202 (1982).

[8] *Cf. People v Blount,* 101 Ill App 3d 443; 428 NE2d 621 (1981) (no

Thus, the United States Supreme Court has generally accorded Fourth Amendment protection to hotel rooms which were used by defendants. Therefore, absent exigent circumstances or consent, police officers, as agents of the state, need to meet the requirements of the Fourth Amendment before searching or seizing things or persons from such a place. *E.g., Stoner v California,* 376 US 483, 487-488; 84 S Ct 889; 11 L Ed 2d 856 (1964) (hotel clerk had no authority to permit search of defendant's room); *United States v Jeffers,* 342 US 48, 51-52; 72 S Ct 93; 96 L Ed 59 (1951) (search of a hotel room not exclusively used by a defendant invalid absent exigent circumstances or consent); *McDonald v United States,* 335 US 451, 454; 69 S Ct 191; 93 L Ed 153 (1948) (no compelling reason to justify the search of a hotel room); *Johnson v United States,* 333 US 10, 14-15; 68 S Ct 367; 92 L Ed 436 (1948) (search of a hotel room without a warrant constitutionally invalid). *Cf. Hoffa v United States,* 385 US 293; 87 S Ct 408; 17 L Ed 2d 374 (1966) (no violation of Fourth Amendment where the defendant voluntarily made statements in a hotel room to a third party who then relayed the information to the government).

In addition, a number of other courts have addressed this specific issue, and most have held or indicated that the *Payton* requirement of an arrest warrant is equally applicable to hotel or motel rooms.[9] In *United States v Bulman,* 667 F2d 1374,

Fourth Amendment violation in an arrest effected in a hotel corridor outside defendant's room). But see *People v Beachman,* 98 Mich App 544; 296 NW2d 305 (1980) (constitutional protection accorded a defendant arrested in a hotel lobby). For a discussion of United States Supreme Court decisions which indicates that the Supreme Court has transformed Fourth Amendment concerns from property concepts to areas of constitutionally protected privacy, see Note, *Criminal Procedure—Pen Registers Not Subject to the Requirements of the Fourth Amendment,* 27 Wayne L Rev 393, 394-396 (1980).

[9] See *United States v Jones,* 696 F2d 479, 486-487 (CA 7, 1982);

1383-1384 (CA 11, 1982), that court recognized that the difference between a home and a hotel room for Fourth Amendment purposes, as it related to the applicability of *Payton* to a hotel room, was a distinction without constitutional significance:

"A mere recitation of the difference between the places in which an arrest occurred does not, of course, pronounce relevant Fourth Amendment distinctions. * * * The appropriate approach, rather, is to determine [the defendant's] legitimate expectation of privacy in the motel room. * * * If we find that expectation identical to that which he would have in his home, then we must hold *Payton* applicable here.

"Not in all circumstances would we equate the reasonable expectation of privacy of an individual in a motel room with that of an individual in his own home. * * * Cases in which the Court has upheld a distinction, however, have depended upon occurrences of searches or seizures in the public areas of a motel. * * * The motel room was, however temporarily, equivalent to a home. Absent some applicable exception to the warrant requirement of *Payton,* the warrantless invasion of the motel room by law enforcement officials violated [the defendant's] Fourth Amendment rights."

Likewise, this Court refuses to endorse such a shallow constitutional distinction between a home on the one hand and motel rooms on the other as it relates to the requirement of an arrest warrant. Thus, we hold that the warrantless arrest of the defendant in his motel room violated article 1, § 11

*United States v Roper,* 681 F2d 1354, 1357, fn 1 (CA 11, 1982); *United States v Bulman,* 667 F2d 1374, 1383-1384 (CA 11, 1982); *Scroggins v State,* 276 Ark 177, 182; 633 SW2d 33 (1982); *Combs v State,* 270 Ark 496, 500; 606 SW2d 61 (1980); *Haynes v State,* 269 Ark 506, 512; 602 SW2d 599 (1980); *People v Eichelberger,* 91 Ill 2d 359, 365; 438 NE2d 140 (1982); *Graham v State,* 406 So 2d 503, 505 (Fla App, 1981); *State v Holtz,* 300 NW2d 888, 892 (Iowa, 1981); *State v Pool,* 98 NM 704, 706; 652 P2d 254, 256 (1982).

of the Michigan Constitution[10] unless the police were authorized by an exception to the warrant requirement.

### III. WHETHER THERE WAS AN APPROPRIATE WARRANT EXCEPTION

In the instant case, the police asserted that the warrantless arrest of defendant in his motel room was proper because it was justified by exigent circumstances.[11] In denying defendant's motion to suppress evidence of the items seized from the motel room, the trial court seemed to conclude, after reading the preliminary examination transcripts, that while the defendant may have had an expectation of privacy in the motel room, a motel room itself creates an exigent circumstance.[12]

Since we have held that the warrantless arrest of the defendant was improper absent exigent circumstances, we recognize that *Payton* once again provides the legal basis for our decision. In *Payton,* the Supreme Court held that in the absence of consent or exigent circumstances the Fourth Amendment prohibits warrantless entries into private homes to make routine felony arrests.

---

[10] See fn 2.

[11] The trial court assumed for purposes of its holding that the defendant had not consented to the intrusion by police into his motel room. We also accept this assumption.

[12] The trial judge stated that:

"We have the other element here which we get into sometimes when we talk about warrantless searches and warrantless issues, and that is exigent circumstances, although it is quite true that the defendant can have and does have Fourth Amendment rights in a motel room, assuming that the facts will establish that he had enough of a proprietary interest or interest in the place to have some Fourth Amendment rights. A room in a motel is certainly a place which is subject to the officer, if he waits to go and get a warrant and so on to substantiate his beliefs, to come back and find nothing there. So, under all the circumstances and considering that, your motion will be denied, Mr. Karwowski, without my elaborating any more."

Since the trial court assumed that the defendant did not consent to the warrantless entry into his room and we agree that the defendant did not consent to this entry,[13] the remaining issue facing us is whether the exigency exception to the warrant requirement was met in the case at bar.

The burden of justifying a warrantless entry into a constitutionally protected area is upon the government. See *Vale v Louisiana,* 399 US 30, 34; 90 S Ct 1969; 26 L Ed 2d 409 (1970); *United States v Killebrew,* 560 F2d 729, 733 (CA 6, 1977). See also *People v Reed,* 393 Mich 342, 362; 224 NW2d 867 (1975), *cert den sub nom Reed v Michigan,* 422 US 1044 (1975). The exigency exception to the warrant requirement has evolved because it is judicially recognized that some situations dictate immediate responses by police rather than waiting for the judgment of a neutral and detached magistrate.

Since the trial court's reason for finding an exigent circumstance which justified the defendant's warrantless arrest was the fact that the defendant was in a motel room,[14] it would be helpful to review decisions by other courts which have considered various exigencies as they relate to a warrantless intrusion into a motel room. In

---

[13] See fn 10.

[14] In addition, the prosecutor states that:

"Thus, the danger of flight or escape coupled with the extremely likely result that the physical evidence would be destroyed or discarded, when looked at in conjunction with the time at which the information relating to defendant's possible location was obtained (less than one-half hour before police went to the motel room * * *) established that the general criteria in *[People v] Van Auker* [111 Mich App 478; 314 NW2d 677 (1981)] justify the police action here. Also, the police here had no solid evidence that the defendant was even still present at the motel room, nor did they have any name or indication that he was a local resident as compared to a transient." We address these concerns later in the opinion by concluding that there were no exigent circumstances justifying the defendant's warrantless arrest.

*United States v Roper,* 681 F2d 1354, 1357, fn 1
(CA 11, 1982), the court noted that the record
revealed that defendant's arrest and the search of
his motel room without a warrant was justified by
exigent circumstances where (1) there were simul-
taneous multiple arrests at the conclusion of a
drug transaction, and (2) there was a legitimate
fear that the defendant would escape. However,
none of the same concerns exist in the instant case
since there were no multiple arrests and there was
no fear of escape.

In an analogous case, the United States Court of
Appeals for the Eleventh Circuit found that there
were no exigent circumstances which justified the
warrantless arrest of a defendant in his motel
room. In *United States v Bulman, supra,* federal
drug agents arrested the defendant in a motel
room after investigating his involvement in a con-
spiracy to sell drugs. The government had argued
that defendant's involvement in an ongoing con-
spiracy itself created an exigency. The *Bulman*
court rejected the argument by stating that "the
exigent circumstances doctrine is applicable within
the narrow range of circumstances that present
real danger to the police or the public or a *real*
danger that evidence or a suspect might be lost"
(emphasis added). 667 F2d 1384. In the case at bar,
a similar argument that a motel room itself cre-
ates an exigency should be rejected since it does
not fall into the narrow range of circumstances
which would allow a warrantless intrusion. Such a
broad interpretation of the exigent circumstances
doctrine would eliminate the constitutional pre-
sumption against warrantless intrusions.[15]

In addition, several state courts have also ad-

---

[15] Accord, *United States v Killebrew,* 560 F2d 729, 733-734 (CA 6,
1977) (a pre-*Payton* case).

dressed the issue of the exigent circumstances doctrine as it relates to motel rooms. In *Combs v State,* 270 Ark 496, 500; 606 SW2d 61 (1980), for example, the court held that even though the police entered a defendant's motel room without an arrest or search warrant, there was no Fourth Amendment violation where "the exigencies of the situation made that course imperative". In that case, the police were responding to a call that a woman was being held at a motel. When the officers arrived, they saw a woman and two men standing outside a room in an apparent argument. When the three saw the officers, they entered the room where the officers heard the woman saying, "Let me go. Let me go." Such extreme and unusual circumstances, however, did not exist in the instant case.

Conversely, in *Graham v State,* 406 So 2d 503 (Fla App, 1981), the court held that a warrantless arrest of a defendant in his motel room was not justified on the theory of exigent circumstances. The facts that the court looked to were: (1) there was a three-day interval between the robbery and arrest, thus the requirement of speed to apprehend a fleeing felon was not present, and (2) there was a large number of police officers executing the arrest, greatly reducing the risk that the defendant would escape. The same criteria exist in the case at bar where: (1) the police were not pursuing a fleeing felon, and (2) there were several officers executing the arrest, reducing the risk that the defendant would escape.

In a case factually analogous to the instant case, the court, in *State v Holtz,* 300 NW2d 888, 893 (Iowa, 1981), held that the warrantless arrest of the defendant in a motel room by the police was not justified by exigent circumstances. The Court stated that:

"Although burglary is a serious crime, the offense involved here did not suggest a danger to life. The officers had no reason to believe defendant was armed. Their contacts with him earlier in the night had been peaceful. Although they had probable cause to believe he committed the crime and strong reason to believe he was in the motel room, they had no basis for believing he would escape if not apprehended. Because they had the only door to the room under surveillance, they could act quickly to arrest defendant if he attempted to leave while a warrant was being sought." 300 NW2d 893.

The *Holtz* analysis is equally applicable in the present case.

Finally, in *State v Pool,* 98 NM 704, 706-707; 652 P2d 254, 256-257 (1982), the court held that an officer was justified in making a warrantless arrest of the defendant in his motel room where that officer had smelled burning marijuana upon defendant's opening the door. Thus, the officer had a good faith belief that the defendant, who had closed the door upon recognizing the officer as a policeman, would immediately attempt to dispose of the contraband. Once again, the exigencies in *Pool* were unlike those in the instant case because the arresting officers had no reason to believe that evidence or contraband would be immediately destroyed.

In short, the reviewed cases clearly indicate that the criteria used in finding exigent circumstances are very narrow and that a motel room itself does not create an exigency. Thus, the validity of a warrantless arrest in a motel room is not without limitations in that it depends upon the reasonableness of the officer's response to the situation perceived as requiring immediate action. The question is whether a reasonable person would have perceived a need to immediately secure the motel room. *People v Olajos,* 397 Mich 629, 634; 246 NW2d 828 (1976).

A number of factors have been identified which are used in determining whether an exigency exists. In *Dorman v United States,* 140 US App DC 313, 320-321; 435 F2d 385 (1970), the court laid down several factors to be used in determining whether an exigency exists. The *Dorman* factors are as follows:

"(1) whether a serious offense, particularly a crime of violence, is involved; (2) whether the suspect is reasonably believed to be armed; (3) whether there is clear showing of probable cause; (4) whether strong reason exists to believe the suspect is in the premises being entered; (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended; (6) whether the entry is forcible or peaceful; and (7) whether the entry is at night." *Vance v North Carolina,* 432 F2d 984, 990 (CA 4, 1970).

The *Dorman* factors are not all-inclusive. In addition to these factors, there are other factors such as: (1) preventing the destruction of evidence, (2) ensuring the safety of law enforcement personnel, (3) ensuring the safety of citizens, and (4) the ability to secure a warrant. In short, all these factors weigh in allowing action without warrants by police. Each case, however, must be judged on its own facts.

In applying these factors to the case at bar, it is clear that a motel room itself is not an exigent circumstance. In addition, a balancing of these factors does not lead us to conclude that the officers acted pursuant to any exigency. The factors supporting a finding of exigency are: first, the defendant had committed a serious felony; second, there was a fairly clear showing of probable cause; and, finally, the entry by the police was peaceful. The factors not supporting a finding of exigency are: first, while the defendant had committed a

serious crime, it was not "particularly a crime of violence"; second, the defendant was not reasonably believed to have been armed; third, the preliminary examination testimony of one of the arresting officers indicated that there was no reason to believe that the suspect was even in the motel room at the time of his arrest; fourth, there was no indication in the record that the suspect would have escaped if not swiftly apprehended; fifth, there was no reason to believe that defendant was about to destroy evidence; sixth, there was no reason to believe that the safety of the officers or anyone else was in jeopardy; seventh, with sufficient police to guard against the defendant leaving the room, there was no reason why one of them could not have left to secure a warrant; and, finally, the entry into defendant's motel room was made at night.

Thus, we hold that while there was probable cause for defendant's arrest there were no exigent circumstances to support a warrantless arrest of defendant in his motel room under the Michigan Constitution.

Since the police were not lawfully in the defendant's room,[16] the trial court erred in not suppressing the evidence which flowed from defendant's unlawful arrest.[17] The defendant's convictions are

[16] Because the police were not lawfully in defendant's room, the seizure of evidence is not justified under the plain-view doctrine. See *Coolidge v New Hampshire*, 403 US 443, 465-468; 91 S Ct 2022; 29 L Ed 2d 564 (1971).

[17] In his brief, the prosecutor states that:

"Finally, here as in *Van Auker*, even if a *Payton* violation is said to exist, any such 'error' is harmless at its worst. * * *

"In this case, this defendant took the stand on his own behalf and totally admitted the breaking and entering, the threatening of the complainant, the robbery, and the method of his leaving the scene. He corroborated beyond any reasonable contravention the testimony of the complainant, the police, the store owner and May. Any error here is absolutely harmless due to the overwhelming evidence presented.

reversed and the case is remanded to the Wayne Circuit Court for a new trial not inconsistent with this opinion.

CONCLUSION

We hold under the Michigan Constitution that the officers in the instant case had probable cause to arrest the defendant in that they had sufficient facts to determine that the defendant had committed a felony.

In addition, we hold that the *Payton* requirement of having an arrest warrant before effecting an arrest in a defendant's home, absent exigent circumstances, is equally applicable to a motel room under the Michigan Constitution.

Finally, we find that there were no exigent circumstances to justify the defendant's arrest in his motel room without a warrant under the Michigan Constitution.

---

*People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972); *People v Wichman,* 15 Mich App 110, 116; 166 NW2d 298 (1968); *People v Lauzon,* 84 Mich App 201; 269 NW2d 524 (1978); *People v Jimmie McCracken,* 100 Mich App 371, 378; 298 NW2d 734 (1980)."

While the prosecutor appears to have raised an arguable point, we believe that the defendant has presented an answer in his brief:

"This case has proceeded all the way through the Court of Appeals and this Court's decision to grant leave to appeal solely on the merits of the legality of defendant's arrest with no argument whatsoever by the prosecution that even if illegal, the admission of the evidence seized as a result thereof was harmless error. Such an argument should not now be considered by this Court. As stated under analogous circumstances in *People v Tyler* and *People v Tompkins,* 399 Mich 564, 571; 250 NW2d 467 (1977), *aff'd sub nom Michigan v Tyler,* 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 (1978), where the prosecution raised a standing argument for the first time in this Court:

" 'The people contend that Tompkins, who, in contrast with Tyler, did not have a leasehold interest in the burned premises, has no standing to raise the search and seizure issue. The prosecutor did not raise this issue in the Court of Appeals, and, therefore, it will not be considered.' "

See also *People v Ford,* 417 Mich 66, 105-106; 331 NW2d 878 (1982).

Thus, we hold that the trial court erred in failing to suppress the evidence which flowed from the defendant's unlawful arrest. We reverse defendant's convictions, and we remand the case to the trial court for a new trial not inconsistent with this opinion.

KAVANAGH, LEVIN, and CAVANAGH, JJ., concurred with WILLIAMS, C.J.

BOYLE, J. I respectfully dissent. While I recognize, as Justice BRICKLEY states in his dissent, that *Payton v New York* was limited on its facts to "the narrow question" of a warrantless arrest in a home, and that the Court specifically stated that it did *"not"* (emphasis supplied by the United States Supreme Court in *Payton)* consider whether the arrest might have been justified by exigent circumstances, I agree with the majority that both the Michigan Constitution and the Fourth Amendment may protect interests in a rented room in which an individual has a reasonable expectation of privacy. In my view, while a motel room itself does not create an exigent circumstance authorizing a departure from the warrant requirement, the temporary nature of the residence is a factor to be considered when determining whether the requirement for a warrant is excused by exigency. I write separately because, assuming that *Dorman v United States,* 140 US App DC 313; 435 F2d 385 (1970) *(en banc),* correctly sets forth the criteria for evaluating exigent circumstances which will excuse the absence of a warrant, a proposition which I am unwilling to fully endorse without further guidance from the United States Supreme Court, the issue need not be considered in this case. Even if the trial court erred in denying defendant's

motion to suppress evidence, the error is harmless, given the defendant's admission at trial that he committed the offense.

I find any error in the admission of this evidence harmless beyond a reasonable doubt. The defendant took the stand and admitted that he committed the offense, but claimed that he lacked the necessary specific intent because of intoxication. Error in the admission of evidence is harmless where the defendant himself admits the facts sought to be proved by the evidence. See, *e.g., People v Rogers,* 60 Mich App 652; 233 NW2d 8 (1975), *lv den* 406 Mich 918 (1979).

Citing *People v Rodgers,* 119 Mich App 767; 327 NW2d 353 (1982), defendant argues that the court's ruling on the motion to suppress affected defendant's decision to waive a jury trial and that he would not have waived a jury if the evidence had been suppressed. Thus, defendant claims, the error is not harmless. Even if I were to accept the Court of Appeals reasoning in *Rodgers,* that case is distinguishable for two reasons. In *Rodgers,* while the defendant did not explicitly state the reason for the waiver, the Court concluded that the sequence of events gave "every indication" that "the waiver was the direct product of the adverse ruling". 119 Mich App 771. Having examined the transcript of the jury waiver in this case, I see nothing that suggests that the defendant would not have waived a jury trial in any event. Without more than the fact that the defendant's waiver took place shortly after the trial court's ruling on the suppression motion, I decline to speculate on how the court's ruling affected the defendant's trial tactics. Secondly, *Rodgers* involved an erroneous ruling regarding the use of the defendant's prior conviction as evidence for purposes of im-

peachment. These rulings typically affect a defendant's selection of a bench trial since it is assumed that a jury is less capable of limiting the prejudicial effect of the evidence. In contrast, the evidence admitted at trial in this case would have had no greater inculpatory effect on a jury than it had on the trial judge. I am therefore unable to discern any connection between the trial court's ruling and the defendant's waiver of trial by jury.

The majority declined to address the issue of harmless error on the ground that the prosecution failed to raise this issue below. However, unlike other issues raised for the first time on appeal, *e.g.,* standing, *People v Tyler,* 399 Mich 564, 571; 250 NW2d 467 (1977), *aff'd sub nom Michigan v Tyler,* 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 (1978), this Court has a duty imposed by court rule[1] and by statute[2] to reverse a conviction only where the error complained of cannot be said to be harmless beyond a reasonable doubt. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972). The maintenance of a sound judicial system requires that lower court judgments not be reversed

[1] "Harmless Error. No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding shall construe these rules to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceeding which does not affect the substantial rights of the parties." GCR 1963, 529.1.

[2] "No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." MCL 769.26; MSA 28.1096.

on the basis of errors which had no effect on the results reached below, and it is incumbent upon this Court to make this inquiry *sua sponte* even if the parties fail to raise the argument that the error was harmless.

Accordingly, given the defendant's admission of the offense at trial I find that error, if any, in the admission into evidence of the items seized during the course of the defendant's arrest is harmless beyond a reasonable doubt.

I would affirm the defendant's conviction.

RYAN, J., concurred with BOYLE, J.

BRICKLEY, J. I respectfully dissent from the majority opinion.

For a period of five hours following the crime, the police painstakingly gathered evidence that led them to conclude that the perpetrator was in the motel room in question. On the basis of the probable cause they had established, the police entered the room, apprehended the occupants, and seized the evidence that was ultimately admitted by the trial court.

The majority opinion holds that the long-held view that the police have authority to arrest based on probable cause without a warrant is not applicable here because of an exception established in *Payton v New York,* 445 US 573, 576; 100 S Ct 1371; 63 L Ed 2d 639 (1980). There, the Supreme Court of the United States, in a split decision, held that the Fourth Amendment prohibits "the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest".

The rationale for *Payton* is the preservation of "the sanctity of the home" against such an official

invasion. The Court described a nonconsensual entry without a warrant to arrest for a routine felony as a "breach of the entrance to an individual's home". *Id.,* p 589. The Court noted:

"The Fourth Amendment protects the individual's privacy in a variety of settings. In none is the zone of the privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home—a zone that finds its roots in clear and specific constitutional terms: 'The right of the people to be secure in their * * * houses * * * shall not be violated.' That language unequivocally establishes the proposition that '[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.' *Silverman v United States,* 365 US 505, 511; 81 S Ct 679; 5 L Ed 2d 734 (1961). In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Id.,* pp 589-590.

The majority opinion would extend *Payton* to motel rooms even though the Supreme Court spoke throughout *Payton* in terms of the "home—a zone that finds its roots in clear and specific constitutional terms". The majority reasons that Fourth Amendment protection has been applied to hotel rooms in the past, that hotel and motel rooms are indistinguishable for Fourth Amendment purposes, and, therefore, that Fourth Amendment protection applies to motel rooms. This disarmingly simple syllogism is seriously flawed. It assumes, without analysis, that the rule of *Payton* would escape a traditional balancing analysis with respect to an individual's reasonable expectation of privacy once it is transported out of the home and into a temporary lodging. It further

assumes, without analysis, that dated hotel room *search* cases articulate a proper (and transposable) analysis of the Fourth Amendment interest involved in this motel room *arrest* case.[1]

For authority, the majority draws on three federal cases. I agree that the decision in *United States v Bulman,* 667 F2d 1374 (CA 11, 1982), clearly established for that circuit that *Payton* applies to a motel. Interestingly, the *Bulman* Court stated, in my opinion, the proper analytical framework for resolution of this issue and then proceeded to a result without following it. The Court stated:

"A mere recitation of the difference between the places in which an arrest occurred does not, of course, pronounce relevant Fourth Amendment distinctions. The Supreme Court in *Katz v United States,* 389 US 347, 349-350; 88 S Ct 507; 19 L Ed 2d 576 (1967), rejected a formulation of the scope of Fourth Amendment safeguards that would depend merely upon the place in which an alleged violation of a defendant's constitutional rights occurred. The Supreme Court has, indeed, several times specifically stated that an individual does not forfeit his Fourth Amendment protections merely because he is residing in a hotel room. * * * The appropriate approach, rather, is to determine Howard's legitimate expectation of privacy in the motel room. See *Katz, supra; Rakas v Illinois,* 439 US 128; 99 S Ct 421; 58 L Ed 2d 387 (1978). If we find that expectation identical to that which he would have in

[1] Historically, the standard for determining the necessity for warrants in search vis-à-vis arrest situations has differed. See *United States v Watson,* 423 US 411, 426-433; 96 S Ct 820; 46 L Ed 2d 598 (1976) (Powell, J., *concurring).*

Just as the Supreme Court of the United States has moved the standard for a search away from the trespass doctrine to the expectation-of-privacy standard, *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967), *Payton* nudges the standard for arrest away from a "probable cause only" standard to a "probable cause plus no trespass" test. While the tests for search and arrest warrants may be changing, they have certainly not converged.

his home, then we must hold *Payton* applicable here."
667 F2d 1383.

The Court then distinguished the former Fifth
Circuit cases, *Marullo v United States,* 328 F2d
361 (CA 5, 1964) (search without a warrant of
crawl space under motel cabin upheld), and *United
States v Jackson,* 588 F2d 1046 (CA 5, 1979) (evi-
dence of conversations overheard by government
agents in an adjoining motel room admissible at
trial), on the grounds that the arrest of the defen-
dant in his motel room "did not occur in any
public part of the motel or arise as a result of
actions on his part that extended beyond the walls
of his room". *Id.,* p 1383. Since the defendant in
*Bulman* had at least some privacy interest in his
motel room, the Court concluded that *Payton* must
apply. This conclusion ignores the question the
Court had framed:

"If we find * * * [Howard's legitimate] expectation [of
privacy in the motel room] identical to that which he
would have in his home, then we must hold *Payton*
applicable". *Id.,* p 1383.

The majority also relies on *United States v
Jones,* 696 F2d 479 (CA 7, 1982), and *United States
v Roper,* 681 F2d 1354 (CA 11, 1982). Neither
decides the point that the rule in *Payton* applies to
motel rooms. In *Jones* the arrest issue was
whether or not the federal narcotics agents had
probable cause to arrest. The Court concluded that
there was probable cause. The arrest was based on
outstanding Illinois arrest warrants. In *Roper,* the
defendant assigned as error, *inter alia,* both an
improper seizure of a pistol and an invalid search
of a shoulder bag. The Court declined to address
the defendant's claim of constitutional violations

under authority of the *Wong Sun* doctrine of inevitable discovery. *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963). The Court dropped a footnote in which it commented on the district court's resolution of the issue of probable cause and the legality of the arrest without a warrant. Citation was made to *Bulman, supra.* The Court noted that the record demonstrated exigent circumstances. Thus, the Court concluded that even under *Payton,* the arrest was proper.

I believe that the majority opinion errs in its analysis because it ignores the precision with which the opinion in *Payton* was crafted. I read *Payton* to establish a core Fourth Amendment protection based on a privacy interest unique to the sanctity of the home as articulated in the constitution. I do not read it to establish a per se rule once the focus of the inquiry moves out of the home. Rather, in the latter situation, attention should be directed at the reasonableness of the individual's privacy interest in avoiding an arrest without a warrant. *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967); *United States v Watson,* 423 US 411; 96 S Ct 820; 46 L Ed 2d 598 (1976). To the extent that an individual's privacy interest is lessened away from the home, I would balance the individual's actual interest against the interest of the state. *Payton* very carefully does not suggest otherwise.

In the instant case, the defendant was apprehended without a warrant in a motel room. The majority concludes that this was unreasonable because the defendant had a privacy interest. This focus not only blurs the distinction between the circumstances required for a search warrant and those required for an arrest warrant, but it could lead to absurd results. Using the majority's appar-

ent premise that *any* privacy interest that is sufficient to require a search warrant is sufficient to invoke the *Payton* warrant requirement, one might conclude that an arrest warrant would be required to arrest an individual in an office, in a dressing room at a local department store, in a phone booth, or in any other place where an individual has some privacy interest. Surely this has never been the law in this state or elsewhere!

The United States Supreme Court has addressed arrests without warrants in three contexts: public places, homes, and apartments. Following the well-settled common-law rule, the Court held that an arrest without a warrant for a routine felony was reasonable in a public place, *United States v Watson, supra.* The Court concluded that such an arrest was unreasonable in an apartment used as a home, *Payton, supra,* or in a home, *Riddick v New York* (companion case to *Payton).*

Motel rooms have both private and public aspects. *Marullo v United States,* 328 F2d 361 (CA 5, 1964). Motel rooms are intended as temporary lodgings. Maids clean the rooms daily. Passkeys abound. Lodgers are informed that they should store their valuables in motel safes. Lodgers are subject to summary eviction if they fail to pay for the rooms or if they fail to obey the "house rules". Occupancy is frequently subject to a superior claim because of a prior reservation. Public hallways and open areas are the rule. Individual rooms are frequently interconnected. Walls are notoriously thin. Neighbors are only feet apart. It cannot be realistically maintained that the occupier of a motel room has the same Fourth Amendment interest in avoiding arrests without warrants as when at home. Arrayed against this Fourth Amendment interest is the interest of the state in

ensuring that the now ubiquitous motel room for our transient society does not become a haven for the planning of and escape from criminal activity.

Although I do not doubt that an occupant of a motel room has a Fourth Amendment privacy interest, *Hoffa v United States,* 385 US 293; 87 S Ct 408; 17 L Ed 2d 374 (1966), I would not define it to include freedom from arrest without a warrant. I note that a motel room historically has been protected by the requirement of probable cause before it may be entered. As a result, I see no need to make a motel room an additional exception to the general rule that the police may arrest a person (who happens to occupy such temporary lodging) without a warrant on the basis of probable cause.

The majority, on the basis of the authority of one federal circuit, would anticipate that the Supreme Court would invalidate an otherwise valid, statutorily authorized motel arrest in this state. The majority would go even further and suggest that such an anticipation be the basis for holding that our own state constitution (Const 1963, art 1, § 11) would stand for the same principle. Using federal decisional rationale for interpreting Michigan's Constitution is not necessarily unsound, but considering the fact that *Payton* itself, p 598, fn 46, cited Michigan as one of 24 states permitting "warrantless entry into the home to arrest even in the absence of exigent circumstances", MCL 764.21; MSA 28.880, it is quite a leap for this Court to so interpret our own constitution.

Because the historically valid and frequently used authority to arrest for probable cause is such a linchpin in law enforcement and because motels have become so ubiquitous and figure so often in the planning of and escape from criminal activity,

I think that this Court should not lightly extend *Payton* beyond the "sanctity of the home". Since I do not agree that the facts in this case merit such an extension, I would have our state retain as a law enforcement tool the ability to make an arrest in a motel room without a warrant on the basis of probable cause.

I would affirm.