# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DANIEL HORACEK,

      Defendant-Appellant.

UNPUBLISHED
September 15, 2015

No. 317527
Oakland Circuit Court
LC No. 2012-241894-FH

Before: TALBOT, C.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

Defendant pleaded no contest to unarmed robbery, MCL 750.530, for which he was sentenced as a fourth habitual offender, MCL 769.12, to 33 months to 40 years' imprisonment. We affirm.

This Court originally denied defendant's delayed application for leave to appeal.[1] The case is now before this Court pursuant to our Supreme Court's order remanding the case "for consideration, as on leave granted, of whether defendant's warrantless arrest violated his Fourth Amendment rights." *People v Horacek*, 497 Mich 872; 854 NW2d 106 (2014). The Supreme Court's remand order further directs that if this Court determines that defendant's Fourth Amendment rights were violated, it shall also consider "(2) whether the defendant is entitled to withdraw his plea pursuant to MCR 6.301(C)(2); and (3) whether the defendant's entitlement to relief is impacted by the prosecutor's statement at the plea hearing that any Fourth Amendment violation would be harmless beyond a reasonable doubt because there was sufficient untainted evidence to prosecute the defendant, see *People v Reid*, 420 Mich 326, 337[; 362 NW2d 655] (1984)." *Horacek*, 497 Mich 872. We conclude that defendant's warrantless arrest did not violate his Fourth Amendment rights and affirm defendant's convictions.[2]

---

[1] *People v Horacek*, unpublished order of the Court of Appeals, entered September 12, 2013 (Docket No. 317527).

[2] We note that defendant raises various other issues, some within his statement of questions presented and some not, beyond those that this Court was directed to consider. "[W]hen an appellate court gives clear instructions in its remand order, it is improper for the lower court to

-1-

This case arises from a robbery allegedly committed by defendant. On June 4, 2012, defendant entered a store in the evening between 8:30 p.m. and 9:00 p.m., shortly before the store was scheduled to close. According to the store clerk, who testified at the preliminary examination, defendant directed the clerk to open the cash register and give him the money, which she did. Defendant was not disguised in any manner and the entire incident was captured by the store's surveillance cameras. The police located defendant at a local motel shortly after 10:00 p.m., entered his room, and arrested him without a warrant.

Defendant was charged with armed robbery, but was bound over for trial on a charge of unarmed robbery. Defendant filed a motion to suppress his post-arrest statement to police, alleging that the police violated his Fourth Amendment rights by entering his motel room and arresting him without a warrant. He also moved to quash the information. The trial court denied both motions. Defendant thereafter expressed a willingness to enter a plea to unarmed robbery, provided he could appeal the trial court's pretrial rulings. The trial court assured defendant that "both issues will be preserved for appeal." The prosecutor expressed his position that any error in the trial court's pretrial rulings would be "harmless" to the state's ability to prosecute defendant because there was sufficient evidence to go forward without defendant's statement. However, the prosecutor did not contest defendant's entitlement to appeal the trial court's rulings or express disagreement with the trial court's statement that the issues were "preserved for appeal." Defendant thereafter entered his no contest plea.

We must first determine "whether the defendant's warrantless arrest violated his Fourth Amendment rights." *Horacek*, 497 Mich 872. "We review for clear error a trial court's findings of fact in a suppression hearing, but we review de novo its ultimate decision on a motion to suppress." *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009).

"A police officer may arrest an individual without a warrant if a felony has been committed and the officer has probable cause to believe that individual committed the felony." *People v Kelly*, 231 Mich App 627, 631; 588 NW2d 480 (1998). The police may arrest the defendant in a public place but, absent exigent circumstances, they need a warrant "before entering a suspect's residence to effect his arrest[.]" *People v Oliver*, 417 Mich 366, 376; 338 NW2d 167 (1983). The same holds true when the defendant is arrested inside his motel room; the police must have a warrant or there must be an exception to the warrant requirement. *Id*. at 378-379.

"The essence of the exigency which would excuse the failure to obtain a warrant is the existence of circumstances known to the police which prevent them from taking the time to

---

exceed the scope of the order." *K & K Constr, Inc v Dep't of Environmental Quality,* 267 Mich App 523, 544; 705 NW2d 365 (2005). A party "cannot raise any issue it chooses merely because [the Supreme] Court remanded this case to the Court of Appeals to address another issue." *Taxpayers of Mich Against Casinos v Michigan*, 478 Mich 99, 112; 732 NW2d 487 (2007). Therefore, we decline to consider those issues raised by defendant that are beyond the scope of the Supreme Court's remand order. *Id*. at 111-112; *People v Smith*, 282 Mich App 191, 194; 772 NW2d 428 (2009).

obtain a warrant because to do so would thwart the arrest." *People v Parker*, 417 Mich 556, 561; 339 NW2d 455 (1983). Relevant factors to consider include:

> (1) whether a serious offense, particularly a crime of violence, is involved; (2) whether the suspect is reasonably believed to be armed; (3) whether there is clear showing of probable cause; (4) whether strong reason exists to believe the suspect is in the premises being entered; (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended; (6) whether the entry is forcible or peaceful; and (7) whether the entry is at night. [*Oliver*, 417 Mich at 384 (internal quotation marks and citations omitted).]

Other factors to consider are (1) the need to prevent the destruction of evidence; (2) the need to ensure the safety of the police and citizens; and (3) the ability to secure a warrant. *Id*.

In finding exigent circumstances in this case, the trial court relied on the following factors: (1) that defendant committed "a serious offense, a crime of violence"; (2) that defendant was "reasonably believed to be armed"; (3) that "there was a clear showing of probable cause"; (4) that there was "strong reason to believe [defendant] was in the motel room at the time"; (5) the likelihood that defendant would escape if not apprehended; and (6) "an issue of preventing destruction of evidence, as well as ensuring the safety of law enforcement."

We agree with the trial court's analysis regarding the existence of exigent circumstances. Unarmed robbery is a serious offense and requires a showing that the defendant "use[d] force or violence against any person who is present, or . . . assault[ed] or put[] the person in fear." MCL 750.530(1). In this case, the surveillance video showed that defendant kept his left hand in his pocket throughout his interaction with the store clerk, thus implying that he possessed a weapon. While defendant made no overt threats and did not brandish his weapon, his actions were threatening and of a violent nature, and were certainly construed that way by the store clerk, who testified that she thought defendant may have something in his pocket he would use to hurt her. Following the crime, police reasonably suspected defendant may be armed based on the store clerk's statements. In addition, police were on the lookout for defendant based on his suspected involvement in several breaking and entering's that had occurred in the same area within the week. There was also a clear showing of probable cause for defendant's arrest based upon the sales clerk's statement as corroborated by the store's surveillance video. Finally, the record showed that police had strong reason to believe defendant was located in the motel room, and there was concern for officer and citizen safety given defendant's conduct and the possibility he was armed.

On the other hand, some factors favor defendant's position, including that there was no indication of a concern for the destruction of evidence, the police entered the motel room forcibly, and the police entered the room at night. Additionally, there were multiple officers at the motel, and, arguably, one of the offers could have left to obtain a warrant. However, the large number of officers shows that the police were very concerned about apprehending defendant and were taking the situation very seriously. Overall, we conclude that more factors support the finding of an exigency, and the factors that do favor exigency are of greater weight and severity than those that favor defendant. Therefore, we conclude that the trial court did not err in finding that defendant's warrantless arrest did not violate his Fourth Amendment rights.

-3-

In support of his argument regarding the constitutionality of the search, defendant argues that the trial court's decision on the motion to suppress was based on hearsay and evidence not admitted in the record. We disagree. The surveillance video footage is a part of the lower court record, and the store clerk testified at the preliminary hearing. Further, many of the facts relied upon by the trial court and prosecutor were included in defendant's motion to suppress. The few that were not were included in the prosecution's response to defendant's motion. In addition, defendant never questioned the accuracy of these facts in the trial court, but rather asserted that the facts were insufficient to show exigent circumstances. Defendant's challenge to the facts at this point in the proceeding is untimely and inconsistent with his position in the trial court. See *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010) ("a party may not harbor error at trial and then use that error as an appellate parachute."). Accordingly, we are not convinced that defendant is entitled to an evidentiary hearing or new trial based on this claim.

Based on our disposition, it is unnecessary for us to consider whether defendant's plea was conditional and whether defendant was entitled to withdraw his plea. However, we note that, even assuming the search was unconstitutional, defendant's plea was not conditional pursuant to *People v Reid*, 420 Mich 326. While MCR 6.301(C)(2) would permit defendant to revoke a conditional plea if "a specified pretrial ruling is overturned on appeal," MCR 6.301(C)(2) does not specify the definition or requirements of a conditional plea. In *Reid*, the Court established the use of conditional pleas where (1) the defendant pleads guilty, (2) the parties and the court agree that the plea is conditioned on the defendant's right to appeal an adverse pretrial ruling, and (3) *the defendant could not be prosecuted if the pretrial ruling is decided in his favor*. *Reid*, 420 Mich at 337. Here, it is clear that defendant could still be prosecuted even without the admission of his statement. At the plea hearing, the prosecutor stated that any Fourth Amendment violation would be harmless beyond a reasonable doubt because there was sufficient untainted evidence to prosecute the defendant. Further, the prosecutor has made clear on appeal that it will proceed against defendant if the case is remanded.

Affirmed.

/s/ Michael J. Talbot
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood

-4-