# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 8, 2017

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

152567

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

        SC: 152567
        COA: 317527
        Oakland CC: 2012-241894-FH

DANIEL HORACEK,
        Defendant-Appellant.

_____/

      On November 7, 2017, the Court heard oral argument on the application for leave to appeal the September 15, 2015 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

      MARKMAN, C.J. (*concurring*).

      I concur in this Court's order denying leave to appeal. I write separately only to emphasize that in determining whether there are exigent circumstances that justify a warrantless entry into a residence to arrest a suspect, the determinative question is "whether a law enforcement officer was faced with an emergency that justified acting without a warrant . . . ." *Missouri v McNeely*, 569 US 141, 149 (2013). While this Court has laid out factors for a court to consider in making this determination, see *People v Oliver*, 417 Mich 366 (1983), courts should avoid assessing these factors in a mechanical manner that distracts from this determinative question.

      In *Oliver*, this Court recognized that "the validity of a warrantless arrest in a motel room is not without limitations in that it depends upon the reasonableness of the officer's response to the situation perceived as requiring immediate action. The question is whether a reasonable person would have perceived a need to immediately secure the motel room." *Oliver*, 417 Mich at 383.[1] This Court then went on to set forth "a number of factors [that] have been identified which are used in determining whether an exigency exists." *Id.* at 384. These factors include:

---

[1] While *Oliver* considered this issue in the context of a warrantless entry into a motel room, this reasoning applies with equal, if not greater, force to a warrantless entry of a private home.

(1) whether a serious offense, particularly a crime of violence, is involved; (2) whether the suspect is reasonably believed to be armed; (3) whether there is clear showing of probable cause; (4) whether strong reason exists to believe the suspect is in the premises being entered; (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended; (6) whether the entry is forcible or peaceful; and (7) whether the entry is at night.

. . . In addition to these factors, there are other factors such as: (1) preventing the destruction of evidence, (2) ensuring the safety of law enforcement personnel, (3) ensuring the safety of citizens, and (4) the ability to secure a warrant. In short, all these factors weigh in allowing action without warrants by police. Each case, however, must be judged on its own facts. [*Id.* (citation omitted).]

While all these factors are relevant to making a determination of exigent circumstances, they are not all relevant in the same way and they are not all relevant in every case. See, e.g., *People v Blasius*, 435 Mich 573, 589 (1990) (stating that the *Oliver* "factors (at best) provide *guidance* in cases of arrests without warrants") (emphasis added). Indeed, some are also confusingly imprecise. For example, "whether there is a clear showing of probable cause" and "whether strong reason exists to believe the suspect is in the premises being entered" are effectively *threshold* inquiries-- an officer must have probable cause and a strong reason to believe that the suspect is on the premises being entered *before* the officer can enter onto the premises in the first place in order to arrest without a warrant-- but these do not necessarily support a conclusion that "immediate action" is required. See, e.g., *In re Forfeiture of $176,598*, 443 Mich 261, 266 (1993) (noting that the exigent-circumstances exception to the warrant requirement "still requires reasonableness and probable cause"); *United States v Vasquez-Algarin*, 821 F3d 467, 480 (CA 3, 2016) (holding that "law enforcement . . . may not force entry into a home based on anything less than probable cause to believe an arrestee . . . is then present within the residence"). Similarly, whether the entry is forcible or peaceful and whether the entry is during the day or during the night may be relevant to the overall reasonableness of an officer's warrantless entry to arrest a suspect, but these considerations again are not necessarily relevant to whether "immediate action" was required. See, e.g., *People v Burrill*, 391 Mich 124, 134 n 18 (1974) (explaining that courts consider whether "the entry can be made peaceably although in proper circumstances forcible entry might be justified"); *Wilson v Arkansas*, 514 US 927, 934 (1995) (holding that "the method of an officer's entry into a dwelling [is] among the factors to be considered in assessing the reasonableness of a search or seizure"); *United States v Kelley*, 652 F3d 915, 917 (CA 8, 2011) (stating that "we have little doubt that in some circumstances an officer's night-time entry into a home might be unreasonable under the Fourth Amendment").

Other factors listed in *Oliver* are likely to be *dispositive* on their own.  If officers have probable cause to believe that evidence would be destroyed, or that law enforcement personnel or the public are presently endangered, a warrantless entry might well be justified on the basis of those facts alone.  See, e.g., *Kentucky v King*, 563 US 452, 460 (2011).  On the other hand, if officers have the "ability to secure a warrant" before entering the premises without suffering an adverse consequence, a warrantless entry might well be unjustified by those facts alone.  See, e.g., *Birchfield v North Dakota*, __US__; 136 S Ct 2160, 2173 (2016) ("The exigent circumstances exception allows a warrantless search when an emergency leaves police insufficient time to seek a warrant."); *Michigan v Tyler*, 436 US 499, 509 (1978).

In sum, in determining whether exigent circumstances justify a warrantless entry to arrest a suspect, courts should only use the *Oliver* factors as tools to determine whether, under the totality of the circumstances, exigent circumstances required immediate action, rather than examining each factor individually and then balancing them in some uncertain manner.  *Blasius*, 435 Mich at 589; *United States v Moreno*, 701 F3d 64, 73 (CA 2, 2012) (holding that similar factors "are not germane in every exigent circumstances situation," that they "are merely illustrative, not exhaustive," and that "[t]he core question is whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced officer to believe that there was an urgent need to render aid or take action") (quotation marks and citations omitted).  Once again, the assessment of the totality of the circumstances must be undertaken pursuant to the following ultimate standard: "whether a law enforcement officer was faced with an emergency that justified acting without a warrant[.]" *McNeely*, 569 US at 149.


WILDER, J., did not participate because he was on the Court of Appeals panel.

CLEMENT, J., did not participate.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 8, 2017



Clerk

s1205