## FULLER *v.* HESSLER.

1. NUISANCES — BURNING PAPER ON PRIVATE LOT NOT A PUBLIC NUISANCE WITHIN ORDINANCE FORBIDDING FIRES IN PUBLIC PLACE. The burning of waste paper on a privately owned vacant lot frequented by children, *held*, not to constitute the lot a public place within the meaning of a city ordinance prohibiting any fire to be made in any street, alley, or public place within the city, creating a nuisance in a public place.

2. NEGLIGENCE—DEATH—FIRES—PROXIMATE CAUSE. In an action for the wrongful death of a girl five years of age, alleged to have been caused by the negligent act of defendant's servant in burning waste paper on a private lot, where it appears that about half an hour after he had left some boys added material to the embers and made the fire which caused the injury, his act was not the proximate cause, and therefore a verdict should have been directed for defendant.

Error to Wayne; Barton (Joseph), J., presiding.

On duty to guard against trespassing children by fire, see notes in 19 L. R. A. (N. S.) 1094; 39 L. R. A. (N. S.) 1058; L. R. A. 1917F, 1036.

Submitted January 22, 1924.    (Docket No. 107.)
Decided March 5, 1924.   Rehearing denied. June 2,
1924.

Case by Thomas A. Fuller, administrator of the
estate of Stephania Kubin, deceased, against Benjamin
Hessler for the alleged negligent killing of plaintiff's
intestate.    Judgment for plaintiff.    Defendant brings
error.    Reversed, and no new trial ordered.

*McClear, Stein & Sarbaugh* (*Routier & Nichols*, of
counsel), for appellant.

*Harry C. Milligan,* for appellee.

WIEST, J.    Defendant operated a store out Michi-
gan avenue in the city of Detroit.   .December 9, 1920,
about 2:30 o'clock in the afternoon, one of his clerks
took some waste paper to· a nearby vacant lot, set fire
to it, watched it burn down and went back to the
store.    About half an hour later some boys came along
and, it is claimed, found some embers, gathered up
other waste paper lying on the lot and placed the same
on the embers causing the added material to flame
up.    Stephania Kubin, a girl nearly five years of age,
came up to such new fire and, while warming her
hands, the wind blew a burning paper against her,
setting her clothing afire, causing her death.    This
suit was brought by the administrator of her estate
against the store keeper on the ground that the neg-
ligence of his clerk in leaving embers was the prox-
imate cause of the accident.    By writ of error defend-
ant reviews verdict and judgment against him.    By
appropriate motion at the trial defendant saved the
point as to his liability.

Under the undisputed evidence the intervention of
the act of the boys between the act of defendant's
clerk and the accident was the occasion of the flames
which set fire to the clothing of the girl.    The clerk

burned the papers on private property but at a place frequented by children.   This, however, did not constitute the lot a public place within an ordinance of the city of Detroit forbidding any fire to be made in any street, alley or public place within the city.   We apprehend the owner of the lot would be somewhat surprised if told that his private property is a public place to be classed along with streets and alleys.   This removes from the case the question of defendant's creating a nuisance in a public place.

At 2:30 in the afternoon the clerk set fire to about two bushels of waste paper.   An hour later the little girl was burned. .   About half an hour before the girl was burned some boys either set a new fire or started a fire by placing papers on the embers of the old one. We consider the case on the theory that defendant's clerk left embers and the boys added material and made a fire in that manner.

Plaintiff relies upon the holdings in *Davenport* v. *McClellan*, 88 N. J. Law, 653 (96 Atl. 921), and *Jaworski* v. *Detroit Edison Co.*, 210 Mich. 317.   In the *Davenport Case* defendant, for the purpose of burning leaves, built a fire in a public street and went away leaving it burning.   A little boy came along and, while placing more leaves on the fire, was burned. It was held that the act of the boy was not an intervening cause destroying the causal connection between defendant's act and the injury, but a contributing cause and, because of his age, the court could not hold, as a matter of law, that the boy was guilty of contributory negligence.   That case involved the doctrine of attractive nuisance.   In the case at bar we do not have the doctrine of attractive nuisance nor the rule of contributory negligence.   Here the child was not burned by the fire left by defendant's clerk but by flames from the fire built by the boys, and defendant is no more liable than he would have been had the clerk given the boys matches.   The act of the clerk,

whether wrongful or not, did not cause the accident. It took a new fire by another agency to do that.

Upon the question of law we do not consider the claim of the clerk that he waited for the papers to burn down and stamped out the embers, or the testimony of the one eyewitness called by plaintiff, to the effect that the fire set by the clerk was out when the boys got there.    But we do consider the undisputed facts that the fire set by the clerk was an hour before the accident and the girl was burned by fire from material gathered by boys and not by material left by the clerk.

In the *Jaworski Case* defendant piled poles at the side of a street in such a way as to provide a teeter and this inviting condition was observed by boys and, while teetering on one of the poles, so placed by defendant, the balanced pole rolled down and injured a bystanding boy.    But, suppose the poles had been laid side by side and the boys had piled them so as to balance one for a teeter and this act by the boys had caused the accident, the case would have been nearer the one at bar and defendant, under such circumstances, would not have been liable.

The rule governing the question in the case at bar is well stated in 29 Cyc. p. 496:

"A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury.    If no danger existed in the condition except because of the independent cause such condition was not the proximate cause."

The negligence of defendant's clerk was not the proximate cause of the injury, because there was the intervention of another and independent human agency

which broke the relation of alleged cause and effect. Judgment should have been entered for defendant.

The judgment is reversed without a new trial, with costs to defendant.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.