## PEOPLE v ADAMS

Docket No. 78337. Submitted November 12, 1985, at Detroit.—Decided
January 23, 1986.

Defendant, Sam Adams, was convicted of second-degree murder
and felony-firearm, Recorder's Court of Detroit, John M.
Shamo, J. Two days after the killing, defendant was arrested
on the front steps of an apartment building from which he had
exited at the request of his sister. After being given *Miranda*
warnings, defendant made a statement to the arresting officer.
Later, again after being given *Miranda* warnings, defendant
made two written statements. All of the statements were
admitted at trial. Defendant appealed. *Held:*

The trial court's ruling that defendant's statements were not
the product of an illegal arrest is not clearly erroneous. First,
the arrest without a warrant was in a public place and was
proper. Second, even if the arrest was illegal, there was no
causal connection between the illegality and the statements.
Further, even without the statements there was sufficient
evidence to convict defendant, and the admission of the state-
ments was, at worst, harmless error.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — APPEAL.

The Court of Appeals will not disturb a trial court's ruling on a
motion to suppress evidence unless the ruling is clearly errone-
ous.

2. ARREST — WARRANTS — PUBLIC PLACES.

Police must have an arrest warrant before entering a suspect's
residence to arrest him for a felony absent consent or the
existence of exigent circumstances; however, if probable cause

REFERENCES

Am Jur 2d, Appeal and Error § 166.

Am Jur 2d, Searches and Seizures § 111.

Review on appeal by United States under 18 USCS § 3731 of orders
suppressing or excluding evidence, or for return of seized prop-
erty. 34 ALR Fed 617.

See the annotations in the ALR3d/4th Quick Index under Appeal
and Error; Search and Seizure.

exists, the police need not have a warrant to arrest a suspected felon in a public place.

3. CRIMINAL LAW — EVIDENCE — POLICE MISCONDUCT.

Issues involving the suppression of evidence of statements tainted by antecedent police misconduct are resolved by determining whether there was any causal connection between the alleged illegality and the subsequent statements.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Lawrence S. Talon,* Assistant Prosecuting Attorney, for the people.

*Elliott D. Margolis,* for defendant on appeal.

Before: GRIBBS, P.J., and HOOD and A. T. DAVIS,* JJ.

PER CURIAM. Defendant was convicted following a bench trial of second-degree murder, MCL 750.317; MSA 28.549, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to from 12 to 25 years on the murder count, consecutive to the mandatory two-year sentence on the felony-firearm count, and appeals as of right.

On the date of the killing involved in this case, defendant was living with his girlfriend, Garthelia Martin, and her two-year-old child. On a visit by defendant and Ms. Martin that day to the home of defendant's sister, they encountered the decedent, Raymond Martin. Raymond Martin was Garthelia Martin's brother, but she had not seen him in ten years, and did not recognize him right away. After she did recognize him, Ms. Martin talked to her brother for 10 or 15 minutes, after which she and defendant returned to their home.

Upon their return home, defendant asked Ms.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Martin who the man was. When she told him that the man was her brother, defendant indicated that she was lying. In an apparent fit of jealousy and rage, defendant had Ms. Martin undress from the waist down and lay face down on a bed. He then proceeded to beat her with an electric extension cord. He administered two separate beatings and, on the occasion of the second beating, he bound Ms. Martin before he beat her.

After the second beating, Ms. Martin managed to free herself and escaped from the home by climbing out a kitchen window, leaving her two-year-old behind. Later, she and her brother returned to get the child. The brother, Raymond Martin, had a knife in his right hand. Defendant came off the porch of his and Ms. Martin's home with a shotgun and shot Raymond Martin in the face, killing him.

Two days after the killing, police officers, who were seeking defendant in order to arrest him for the slaying, located him at an apartment building on Garfield Street in Detroit. Defendant did not reside at the apartment building but had slept there the night before. Defendant's sister, who had accompanied the police officers to the apartment, called to the defendant and told him to open the door. Defendant came out of the apartment building, and was arrested on the front steps. After his arrest, defendant was read his *Miranda*[1] rights and made an oral statement. Later, he was again read his rights and gave two written statements. All the statements were inculpatory, and all were admitted at trial over defendant's objections.

Defendant's sole claim on appeal is that the trial court clearly erred in ruling that the defendant's statements were not the product of an illegal

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

arrest and, therefore, were properly admissable in evidence. We disagree and affirm.

This Court will not disturb a trial court's ruling on a motion to suppress unless the finding is clearly erroneous. *People v Mitchell,* 138 Mich App 163, 169; 360 NW2d 158 (1984); *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983). We find that the trial court's finding in this case was not clearly erroneous.

The police must have an arrest warrant before entering a suspect's residence to conduct a routine felony arrest, absent the existence of exigent circumstances or consent. *People v Oliver,* 417 Mich 366, 377; 338 NW2d 167 (1983). However, if probable cause exists, the police are not required to obtain a warrant before apprehending a suspected felon in a public place. *People v Oliver, supra,* p 376; *United States v Watson,* 423 US 411, 423-424; 96 S Ct 820; 46 L Ed 2d 598 (1976). There was no dispute at all in this case that the officers had probable cause to arrest the defendant. Defendant, however, argues that he was "constructively" arrested while still inside the apartment. We disagree.

The record reveals that the arresting officers in this case did not enter the apartment to arrest the defendant. He was arrested on the front steps of the entrance to the apartment building, which was a public place. Defendant exited from the apartment voluntarily, and was neither forced nor coerced to come out. His argument that he was "constructively" arrested while still in the apartment is without merit. It is therefore unnecessary to determine whether he had an expectation of privacy in the apartment.

In addition, even were we to hold that defendant's arrest was illegal, admission of defendant's

statements would not require reversal in this case. Issues involving the suppression of evidence of statements tainted by antecedent police misconduct are resolved by determining whether there was any causal connection between the alleged illegality and the subsequent statements. *People v Blackburn,* 135 Mich App 509, 519; 354 NW2d 807 (1984); *People v Martin,* 94 Mich App 649, 653-654; 290 NW2d 48 (1980), *lv den* 411 Mich 910 (1981).

The first of the three inculpatory statements made by the defendant was to the arresting officer immediately after he was arrested and after he was read his *Miranda* rights. The second and third statements were made to a different officer after defendant was again read his rights. No force or coercion was employed by either of the officers and the statements were voluntary. *People v Lobaito,* 133 Mich App 547, 557; 351 NW2d 233 (1984). There was no need to suppress the statements.

Finally, the evidence in this case was sufficient to convict defendant of second-degree murder and felony-firearm without defendant's statements. Therefore, their admission, even if erroneous, was harmless error. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972); *People v Jimmie Mc-Cracken,* 100 Mich App 371, 378; 298 NW2d 734 (1980).

Affirmed.