PEOPLE v FAVREAU

Docket No. 232585. Submitted December 3, 2002, at Grand Rapids. Decided January 14, 2003, at 9:10 A.M.

Scott V. Favreau was convicted after a bench trial in the Allegan Circuit Court, George R. Corsiglia, J., of disorderly conduct and possession of less than twenty-five grams of cocaine. He appealed, alleging that his arrest in his motel room following complaints regarding noise coming from within the room was insufficient to support a finding that he was a disorderly person and that evidence of the cocaine found during a search after the arrest should have been suppressed.

The Court of Appeals *held*:

The statute under which the arrest was based, MCL 750.167(1)(e), requires for a finding that a person is a disorderly person not only that the defendant create a public disturbance, but also that the defendant be intoxicated and in a public place at the time he creates the disturbance. A hotel or motel room is not a public place for purposes of the statute. Noise created from within a hotel or motel room, even if capable of being heard in a public place, does not indicate that the defendant was in a public place at the time of creating the disturbance. The arrest of the defendant on the disorderly conduct charge was unlawful. Evidence of the cocaine discovered as a result of the arrest should have been suppressed. Both convictions must be reversed.

Reversed.

1. CRIMINAL LAW — DISORDERLY PERSONS.

A person may be found to be a disorderly person for the purpose of a conviction under MCL 750.167(1)(e) where the person is intoxicated in a public place and acting in a manner that causes a public disturbance; a person who is not in a public place at the time the person creates a disturbance is not a disorderly person under the statute even if the disturbance can be heard in a public place.

2. CRIMINAL LAW — DISORDERLY PERSONS — PUBLIC PLACES — HOTEL AND MOTEL ROOMS.

A person in a hotel or motel room is not in a public place for the purpose of the statute that provides that a person is a disorderly per-

son where the person is intoxicated in a public place and acting in a manner that causes a public disturbance (MCL 750.167[1][e]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Frederick Anderson*, Prosecuting Attorney, and *Douglas E. Ketchum*, Chief-Assistant Prosecuting Attorney, for the people.

*James J. Goulooze* for the defendant.

Before: SAWYER, P.J., and GAGE and TALBOT, JJ.

SAWYER, P.J. Defendant was convicted, following a bench trial, of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v), and disorderly conduct, MCL 750.167(1)(e).[1] He was sentenced to probation, with 120 days in the county jail. The sentence was stayed pending appeal. He now appeals, and we reverse.

Defendant and two others were in a motel room they had rented for the night. Other guests complained to the motel's management about noise coming from within the room. On the basis of the noise complaints and after seeing defendant's girlfriend in the lobby crying and with a bloody nose, the motel's management called the police. As the police headed to the second floor motel room, they heard noise coming from within defendant's room while they were at the top of the stairs. They knocked on the door, which was answered by defendant's girlfriend, who was crying and had a bloody nose. Defendant was in the room, quiet, but visibly intoxicated. Defendant

---

[1] Defendant was also charged with assault. However, following the alleged victim's testimony, the prosecutor moved to dismiss the assault charge, indicating that he did not believe that he had produced enough evidence that defendant had committed the offense.

was arrested for disorderly conduct and taken to jail. During the booking process, cocaine was found in defendant's possession.

Defendant argues on appeal that there was insufficient evidence of disorderly conduct to justify the arrest and, therefore, the search following the arrest that yielded the cocaine was unlawful and evidence of the cocaine should have been suppressed. We agree with defendant that he did not commit the crime of disorderly conduct and, therefore, his arrest was unlawful.

MCL 750.167(1) provides in pertinent part as follows:

> A person is a disorderly person if the person is any of the following:
>
> *     *     *
>
> (e) A person who is *intoxicated in a public place* and who is either endangering directly the safety of another person or of property or is acting in a manner that causes a public disturbance. [Emphasis added.]

The prosecutor argues that defendant created noise that could be heard in a public place, thus creating a disturbance in a public place. That, however, is insufficient. The statute requires not only that the defendant create a public disturbance, but also that the defendant be both in a public place and intoxicated at the time he creates the disturbance.

If the language of a statute is unambiguous, judicial construction is precluded and the statute is enforced as written. *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 158; 627 NW2d 247 (2001). The phrase "intoxicated in a public place" is unambiguous and,

therefore, not in need of construction. The statute clearly requires that the defendant be in a public place at the time he creates the public disturbance. Thus, the question in the case at bar is whether the motel room itself is a public place, not whether the noise emanating from the motel room could be heard in a public place.

The Michigan Supreme Court discussed the status of a motel or hotel room for search purposes in *People v Oliver*, 417 Mich 366, 375-379; 338 NW2d 167 (1983). In *Oliver*, the police entered a motel room without a warrant and without consent, arrested the defendant, and seized various items. The Court held that the defendant's arrest was unlawful, unless the entry came within one of the recognized exceptions to the warrant requirement. *Id.* at 378-379. In reaching its conclusion, the Court noted that a hotel or motel room is afforded the same degree of privacy as a private home. *Id.* at 376, 378. Of particular interest to the case at bar, the Court specifically noted that an arrest warrant is not required to arrest a suspect in a public place on a felony charge. *Id.* at 376. Because the Court concluded that the defendant's arrest without a warrant was unlawful, it necessarily follows that the motel room where the arrest occurred is not a public place.

Turning to Black's Law Dictionary (5th ed), p 1107, it defines "public place" as follows:

> A place to which the general public has a right to resort; not necessarily a place devoted solely to the uses of the public, but a place which is in point of fact public rather than private, a place visited by many persons and usually accessible to the neighboring public (*e.g.* a park or public beach). Also, a place in which the public has an interest as

affecting the safety, health, morals, and welfare of the community. A place exposed to the public, and where the public gather together or pass to and fro.

While the public in general uses a motel room and rooms may be visited many times during their existence, it is also true that the public in general may not use a specific room at any given time. That is, while a specific room is rented out, it is for the exclusive use of the person who rented the room and his invited guests. The general public cannot enter that motel room uninvited and unannounced.

The prosecutor relies on *People v Lino*, 447 Mich 567; 527 NW2d 434 (1994), for the proposition that the courts take a broad view of what constitutes a public place for purposes of criminal statutes (*Lino*, and its companion case, *Brashier*, involved charges of gross indecency). However, rather than supporting the prosecutor's position, *Lino* clearly supports defendant's position. The Court held that defendant Lino's conduct fell within the gross indecency statute, MCL 750.338, because it involved fellatio performed in a public place. *Lino*, *supra* at 578. However, with respect to defendant Brashier, the Court concluded that Brashier may be guilty of gross indecency under the facts of the case "even though it was not committed in a public place." *Id.* The activities in *Brashier* occurred in a hotel room. *Id.* at 574. Thus, even if *Lino* stands for the proposition that "public place" is generally given a broad definition, it also clearly stands for the proposition that a hotel or motel room is not a public place.

Accordingly, we conclude that because the noise came from within defendant's hotel room, he was not in a public place when he created the disturbance.

Thus, his conduct did not fall within the definition of a disorderly person under MCL 750.167(1)(e) and, therefore, his arrest on the disorderly conduct charge was unlawful.[2] The prosecutor does not contest that, if the arrest is invalid, the cocaine discovered is fruit of the poisonous tree and evidence of the cocaine should have been suppressed. Nor does the prosecutor argue that the possession charge could have been proven even if the cocaine was found to be inadmissible.

For the above reasons, we conclude that the charges against defendant should have been dismissed. Accordingly, we reverse the convictions for disorderly conduct and possession of cocaine.

---

[2] We note that defendant was also charged with assaulting his girlfriend. Although at the time of the offense, a police officer did not have the authority to arrest without a warrant on a simple assault not committed in his presence, an arrest without a warrant was lawful if it met the definition of a domestic assault. However, in the case at bar, the arresting officer specifically testified at the preliminary examination that defendant was arrested only on the disorderly conduct charge and not on the assault charge. The officer indicated that defendant's relationship with his girlfriend, the alleged assault victim, did not meet the definition of "domestic assault" and, therefore, the assault charge was handled through a warrant.